IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| Dr. Charles Bates, Joyce Duck, ) | |
| Belinda B. Early, Kenneth G. Elzinga, ) | |
| Fernand Baruch, Jr. IRA by and through its custodian ) | |
| Entrust MidAtlantic, LLC; Brigitte Schmidt-Ullrich, IRS ) | |
| By and through its custodian Entrust MidAtlantic, LLC; ) | |
| Jean Freitag, The C. Garland Hagen Rev Trust by ) | |
| and through its trustee C. Garland Hagen, ) | |
| GTC Partners, LLC, Kristian M. Gathright, ) | |
| Donovan L. Graham, Wilma C. Graham, ) | |
| Martha D. Hartmann-Harlan, Stephanie R. Holt, ) | Case No: 09-05411-TOM11 |
| B. Stuart Holt, III, Kathryn C. Huck, ) | Chapter 11 |
| Douglas H. Ludeman, Jr., Andrew Malloy, ) | |
| Irene Malloy, Robert C. Metcalf, Susan T. Miner, ) | AP No. 10-00014-TOM |
| Jane C. Nolan, P. Bradley Nott, Jr., Jane T. Nott, ) | |
| Piper Investments, LLC, Alexander K. Scott, ) | |
| Karen Scott, The Smith Living Trust by and through its ) | |
| Trustees Robert L. Smith and Betsy G. Smith; ) | |
| Peter A. Trost, III, Doug Wallace, Joanne Wallace, ) | (*on removal from the Circuit* |
| John M. Weiser, Teri L. Weiser, Gary N. Witthoefft ) | *Court of Dallas County,* |
| and Diane Perry, ) | *Alabama, CV-09-900077*) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| Harbert DP, LLC; Harbert Power, LLC; ) | |
| Harbert Management, LLC; Harbert Power Fund III, LLC; ) | |
| Wayne Nelson; Pat Molony; and Russell Martin; ) | |
| fictitious defendants A-Z, as those persons and/or entities ) | |
| who participated in the wrongdoing described herein. ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

COME NOW the Plaintiffs and, pursuant to the Court's order entered on or about April 5, 2010, file the following as their First Amended Complaint for the purpose of clarifying that Plaintiffs' claims in this action are "individual" or "direct" claims and are not "derivative" claims:

1

## PARTIES

1. Plaintiff Charles Bates is an adult resident citizen of Alabama who is a minority member of Dixie Pellets, LLC.

2. Plaintiffs Joyce Duck, Belinda B. Early, Kenneth G. Elzinga, Fernand Baruch, Jr., IRA by and through its custodian, Entrust MidAtlantic, LLC; Brigitte Schmidt-Ullrich, IRS by and through its custodian, Entrust MidAtlantic, LLC; Jean Freitag, The C. Garland Hagen Rev Trust by and through its Trustee C. Garland Hagen; GTC Partners, LLC, Kristian M. Gathright, Donovan L. Graham, Wilma C. Graham, Martha D. Hartmann-Harlan, Stephanie R. Holt, B. Stuart Holt, III, Kathryn C. Huck, Douglas H. Ludeman, Jr., Andrew Malloy, Irene Malloy, Robert C. Metcalf, Susan T. Miner, Jane C. Nolan, P. Bradley Nott, Jr., Jane T. Nott, Piper Investments, LLC, Alexander K. Scott, Karen Scott, The Smith Living Trust by and through its Trustees Robert L. Smith and Betsy G. Smith; Robert L. Smith, Trustee, Betsy G. Smith, Trustee, Peter A. Trost, III, Doug Wallace, Joanne Wallace, John M. Weiser and Teri L. Weiser, Gary N. Witthoefft and Diane Perry, are all minority members of Dixie Pellets, LLC.

3. Defendants Wayne Nelson, Pat Molony, and Russell Martin (the "Individual Defendants") are adult resident citizens of the State of Alabama who at all times acted as employees, representatives, or agents of the Harbert Defendants and in the line and scope of such employment, representation, or agency.

4. Dixie Pellets, LLC, is an Alabama limited liability company that owns and operates (or operated) a wood pellet project in Selma, Dallas County, AL, which is the subject of Bankruptcy Case No. 09-05411. Dixie Pellets, LLC, was named as a Defendant in Plaintiffs' original complaint. Plaintiffs have since moved to dismiss Dixie Pellets, LLC, from this action

2

with prejudice (Doc. No. 13). Plaintiffs are not pursuing any claims in this action either against or on behalf of Dixie Pellets, LLC.

5. Defendant Harbert DP, LLC, is a foreign limited liability company which is the controlling, majority member of Dixie Pellets, LLC.

6. Defendant Harbert Power, LLC, is a foreign limited liability company which manages, oversees and operates its subsidiaries and/or investment portfolios, including Harbert Power Fund III, LLC.

7. Defendant Harbert Power Fund III, LLC, is a foreign limited liability company which is believed to be the sole investor in Harbert DP, LLC, and the holder of subordinated debt with an excessive interest rate and above market terms.

8. Defendant Harbert Management Corporation is an Alabama corporation which manages, oversees, and operates its subsidiaries including Harbert Power, LLC, Harbert DP, LLC, Harbert Power Fund III, LLC.

9. Defendants Harbert DP, LLC; Harbert Power, LLC; Harbert Power Fund III, LLC; and Harbert Management Corporation are collectively referred to as the "Harbert Defendants."

## JURISDICTION AND VENUE

10. Plaintiffs dispute that jurisdiction is proper or should be exercised by this Court. (*See* Doc. No. 12). Rather, Plaintiffs contend that this action should be remanded to the Circuit Court of Dallas County, Alabama, from which it was removed.

## FACTS

11. In or around December, 2006 through February, 2007, Plaintiffs collectively invested approximately $3,500,000.00 in Dixie Pellets, LLC. Dixie Pellets, LLC is a wood pellet project in Selma, Alabama.

12. When Plaintiffs made their investments in Dixie Pellets, LLC, the majority member and manager of Dixie Pellets, LLC, was an Alabama corporation named New Gas Concepts, Inc.

13. After Plaintiffs made their investments in Dixie Pellets, LLC, New Gas Concepts, Inc., continued to be the majority member and manager of Dixie Pellets, LLC, until the entry of the Harbert Defendants as discussed hereinbelow.

14. After Plaintiffs made their investments in Dixie Pellets, LLC, New Gas Concepts, Inc., continued in its efforts to raise equity capital on behalf of Dixie Pellets, LLC, and to work to issue debt in the form of bonds through Sterne Agee Group, Inc. (hereinafter referred to as "Sterne Agee").

15. As a result of the efforts of New Gas Concepts, Inc., Sterne Agee entered into a contract for financial advisory services with Dixie Pellets, LLC. As a result of said contract, the following material terms, *inter alia*, were disclosed to Plaintiffs by New Gas Concepts, Inc., acting on behalf of Dixie Pellets, LLC:

   a. Bond issuance would occur in summer, 2007.

   b. Sterne Agee's bond finance deal required approximately $7,000,000.00 of additional equity capital.

   c. Harbert Defendants represented that they were required to invest a minimum of $10,000,000.00 equity capital to do the deal.

d. Sterne Agee had the buyers lined up to purchase the bonds immediately upon issuance.

16. Again, to accomplish the Sterne Agee bond issuance, Dixie Pellets, LLC, needed approximately $7,000,000.00 of additional equity capital. Acting on behalf of Dixie Pellets, LLC, New Gas Concepts, Inc., sought this capital from the Harbert Defendants in the spring of 2007.

17. The Harbert Defendants inspected the Dixie Pellets project and did due diligence in Selma as they considered whether to make the investment in Dixie Pellets, LLC.

18. If the Harbert Defendants were to make the $7,000,000.00 investment in Dixie Pellets, LLC, then they (or whatever entity they chose to use) would become the majority, controlling member of Dixie Pellets, LLC—essentially taking the place of New Gas Concepts, Inc. Accordingly, the Plaintiffs' consent and permission was necessary for the Harbert Defendants' to make the investment and thereby enter into and take control of Dixie Pellets, LLC.

19. In order to persuade and convince the Plaintiffs to consent to the Harbert Defendants' entry into Dixie Pellets, LLC, the Harbert Defendants on or about May 14, 2007, made certain material misrepresentations and/or suppression of facts, including but not limited to the following:

a. The Harbert Defendants committed that they would be satisfied putting in $10,000,000.00 in capital to Dixie Pellets.

b. The Harbert Defendants would be receiving shares for the capital contribution of $10,000,000 at $1.00 per share.

5

c. The Harbert Defendants would work diligently with Sterne Agee to accomplish the pending bond issuance.

These misrepresentations and/or suppression were made by the Individual Defendants acting on behalf of the Harbert Defendants and were made with the intent to deceive.

20. As a proximate result and in reasonable reliance thereon, the Plaintiffs executed a proxy and voted in favor of Defendant, Harbert DP, LLC's admission as majority member of Dixie Pellets, LLC.

21. At that time and immediately thereafter, the Harbert Defendants and Individual Defendants wrongfully suppressed and failed to disclose material information from the Plaintiffs, including but not limited to:

a. At the same time the Harbert Defendants were representing that they would work diligently with Stern Agee, the Harbert Defendants were seriously discussing and engaging Calyon as financial advisor to Dixie Pellets, LLC, and had been working on a different bond deal with different terms.

b. The terms being discussed and considered with Calyon required substantially more equity capital than the terms of debt structured by Sterne Agee.

c. The Harbert Defendants planned on firing Sterne Agee and hiring their own investment bank, Calyon, in order to take control of the deal on their terms and enhance their position and investment to the detriment of Plaintiffs.

d. The Harbert Defendants' conduct and pattern of conduct was to increase, at whatever cost, the return to its investors, Harbert Power Fund III, LLC, to the detriment Plaintiffs.

6

Case 10-00014-TOM    Doc 36    Filed 05/03/10    Entered 05/03/10 16:54:12    Desc Main
Document      Page 6 of 14

e. The Harbert Defendants intended on putting more than $10,000,000 into Dixie Pellets, LLC, so as to increase the return they and their investors would receive to the detriment of Plaintiffs.

f. The Harbert Defendants intended to act to bind Dixie Pellets, LLC, to subordinated debt at an excessive interest rate of 20 percent with terms that would capitalize such excessive interest so as to divest Plaintiffs' interest in Dixie Pellets, LLC, in favor of the Harbert Defendants—who ended up with both equity and convertible debt in the Selma project.

22. After the Plaintiffs reasonably relied on the Harbert Defendants' material misrepresentations and/or suppressions of material fact, the Harbert Defendants immediately and to the detriment of the Plaintiffs acted wrongfully, including but not limited to the following:

a. The Harbert Defendants intentionally sabotaged the bond-issuance deal with Sterne Agee.

b. The Harbert Defendants immediately put in place their own financial advisor, Calyon, and continued discussions about a bond deal with new and different terms which were unfavorable to Plaintiffs.

c. In a deli in Birmingham in a face to face meeting in late May or June, 2007, Wayne Nelson, Pat Molony, and the Harbert Defendants told Plaintiffs that "they did not like to work with minority shareholders, they liked to be in control of their projects, and when they did have minority shareholders, it usually did not work out well."

d. The Harbert Defendants sabotaged the Sterne Agee bond deal and caused it to fail.

7

e. Thereafter, the Harbert Defendants infused additional capital into Dixie Pellets, LLC, in the form of subordinated convertible debt with an excessive interest rate of 20 percent and extremely unfavorable terms which was to the benefit of the Harbert Defendants and to the detriment of the Plaintiffs.

f. The Harbert Defendants continued to infuse capital of their own at excessive interest rates and unfair terms so as to be detrimental to Plaintiffs and to increase the Harbert Defendants' return on investment in a manner which was unfavorable to the Plaintiffs.

g. The Harbert Defendants intentionally adopted and followed a business plan which only benefited them and their investors and was to the detriment of the Plaintiffs.

23. The Harbert Defendants' wrongful, intentional, and wanton conduct and pattern of conduct is shown in a spreadsheet provided to Plaintiffs in March, 2009, wherein the Harbert Defendants showed that they would have Dixie Pellets, LLC, pay off the low-rate outside loan, at 6.5 percent rate, within seven years while continuing to maintain the excessive "insider" loan at a 20 percent interest rate because the Harbert Defendants' investors would thereby be treated more favorably than the Plaintiffs.

24. The act and omissions of the Harbert Defendants and Individual Defendants caused a wrongful dilution of Plaintiffs' interest in Dixie Pellets, LLC.

25. The acts and omissions of the Harbert Defendants and Individual Defendants amounts to fraud, suppression, concealment, oppression of minority shareholders, and squeeze-out of minority shareholders.

26. The Harbert Defendants and Individual Defendants have acted in conspiracy with each other.

8

27. As a proximate result of the acts and omissions of the Harbert Defendants and Individual Defendants as described hereinabove, the Plaintiffs have suffered direct and individual damages and filed this action to recover for such direct and individual damages.

28. The Plaintiffs do not purport to state any "derivative" claims on behalf of Dixie Pellets, LLC, in this action. The Plaintiffs eschew and disavow such claims.

## COUNT ONE
## FRAUD, MISREPRESENTATION,
## CONCEALMENT, AND SUPPRESSION

29. Plaintiffs reassert and reallege each and every allegation made in the preceding paragraphs as if fully set forth herein.

30. In order to persuade and convince the Plaintiffs to consent to the Harbert Defendants' entry into Dixie Pellets, LLC, the Harbert Defendants on or about May 14, 2007, made certain material misrepresentations and/or suppression of facts, including but not limited to the following:

   a. The Harbert Defendants committed that they would be satisfied putting in $10,000,000.00 in capital to Dixie Pellets.

   b. The Harbert Defendants would be receiving shares for the capital contribution of $10,000,000 at $1.00 per share.

   c. The Harbert Defendants would work diligently with Sterne Agee to accomplish the pending bond issuance.

31. At that same time and immediately thereafter, the Harbert Defendants and Individual Defendants wrongfully suppressed and failed to disclose material information from the Plaintiffs, including but not limited to:

9

a. At the same time the Harbert Defendants were representing that they would work diligently with Stern Agee, the Harbert Defendants were seriously discussing and engaging Calyon as financial advisor to Dixie Pellets, LLC, and had been working on a different bond deal with different terms.

b. The terms being discussed and considered with Calyon required substantially more equity capital than the terms of debt structured by Sterne Agee.

c. The Harbert Defendants planned on firing Sterne Agee and hiring their own investment bank, Calyon, in order to take control of the deal on their terms and enhance their position and investment to the detriment of Plaintiffs.

d. The Harbert Defendants' conduct and pattern of conduct was to increase, at whatever cost, the return to its investors, Harbert Power Fund III, LLC, to the detriment Plaintiffs.

e. The Harbert Defendants intended on putting more than $10,000,000 into Dixie Pellets, LLC, so as to increase the return they and their investors would receive to the detriment of Plaintiffs.

f. The Harbert Defendants intended to act to bind Dixie Pellets, LLC, to subordinated debt at an excessive interest rate of 20 percent with terms that would capitalize such excessive interest so as to divest Plaintiffs' interest in Dixie Pellets, LLC, in favor of the Harbert Defendants—who ended up with both equity and convertible debt in the Selma project.

32. These misrepresentations and/or acts of suppression were made by the Individual Defendants acting on behalf of the Harbert Defendants and were made with the intent to deceive

10

Case 10-00014-TOM    Doc 36    Filed 05/03/10    Entered 05/03/10 16:54:12    Desc Main
Document    Page 10 of 14

the Plaintiffs and to induce the Plaintiffs to consent to the Harbert Defendants' entry into Dixie Pellets, LLC, as majority and controlling member.

33. The Plaintiffs reasonably relied on such misrepresentation and suppression in giving their consent to and allowing the entry of the Harbert Defendants' into Dixie Pellets, LLC, as majority and controlling member.

34. At all relevant times, the Harbert Defendants and Individual Defendants owed Plaintiffs a duty of truth and disclosure yet breached that duty through the conduct as described herein.

35. Plaintiffs have been directly and individually damaged as a proximate result of the conduct of the Harbert Defendants and the Individual Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby pray for entry of judgment in such form as the proper Court may determine, including compensatory and punitive damages, fees, costs, interest, expenses, and any other relief to which the trier of fact may determine Plaintiffs are entitled.

**COUNT TWO**
**OPPRESSION, DILUTION & SQUEEZE-OUT OF MINORITY MEMBERS**
**BY MAJORITY MEMBER**

36. Plaintiffs reassert and reallege each and every allegation made in the preceding paragraphs as if fully set forth herein.

37. Defendant Harbert DP, LLC, as majority and controlling member of Dixie Pellets, LLC, owed a duty of fairness to Plaintiffs, as minority members.

38. The conduct of the Defendant Harbert DP, LLC, as described hereinabove, was a breach of the duty of fairness and was undertaken as part of a wrongful scheme of oppression,

11

Case 10-00014-TOM    Doc 36    Filed 05/03/10    Entered 05/03/10 16:54:12    Desc Main
Document      Page 11 of 14

dilution, and squeeze-out of Plaintiffs (minority members) by Harbert DP, LLC (majority member).

39. Plaintiffs have been directly and individually damaged as a proximate result of the conduct of Defendant Harbert DP, LLC.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby pray for entry of judgment in such form as the proper Court may determine, including compensatory and punitive damages, fees, costs, interest, expenses, and any other relief to which the trier of fact may determine Plaintiffs are entitled.

## COUNT THREE
## CONSPIRACY

40. Plaintiffs reassert and reallege each and every allegation made in the preceding paragraphs as if fully set forth herein.

41. The Harbert Defendants and Individual Defendants intentionally agreed to act together to accomplish an unlawful end and did so act in concert to commit a wrong against Plaintiffs.

42. The Harbert Defendants and Individual Defendants intentionally agreed to act together to accomplish a lawful end by unlawful means and in so doing committed a wrong against Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby pray for entry of judgment in such form as the proper Court may determine, including compensatory and punitive damages, fees, costs, interest, expenses, and any other relief to which the trier of fact may determine Plaintiffs are entitled.

12

# COUNT FOUR
# VIOLATION OF ALA. CODE § 10-12-16

43. Plaintiffs reassert and reallege each and every allegation made in the preceding paragraphs as if fully set forth herein.

44. Along with the filing of the Complaint in this action on May 13, 2009, Plaintiffs requested production of various documents of Dixie Pellets, LLC, which are required to be maintained to which Plaintiffs are entitled to access pursuant to Ala. Code § 10-12-16, which provides in part:

> Any agent, member, or manager of a limited liability company who, without reasonable cause, refuses to allow any member or the member's agent or attorney to inspect or copy any books or records of the limited liability company for any proper purpose shall be personally liable to the member for a penalty in an amount not to exceed 10 percent of the fair market value of the membership interest of the member, in addition to any other damages or remedy.

45. The Harbert Defendants and Individual Defendants have refused to answer these discovery requests and instead have made every effort to block Plaintiffs' access to information to which Plaintiffs are statutorily entitled. Plaintiffs were not able to obtain any of the information until provided it by bankruptcy counsel for Dixie Pellets, LLC, in February, 2010.

46. The Harbert Defendants and Individual Defendants, as agents, members, or managers of Dixie Pellets, LLC, wrongfully denied Plaintiffs access to the books and records of Dixie Pellets, LLC, in violation of Ala. Code § 10-12-16 and are therefore personally liable to Plaintiffs for 10% plus damages as provided in the statute.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby pray for entry of judgment in such form as the proper Court may determine, including compensatory and punitive damages,

fees, costs, interest, expenses, and any other relief to which the trier of fact may determine Plaintiffs are entitled.

## JURY DEMAND

Plaintiffs demand trial by struck jury on all issues so triable.

Respectfully Submitted,

/s/ Gregory A. Brockwell
Andrew P. Campbell
Gregory A. Brockwell
*Attorneys for the Plaintiffs*

**OF COUNSEL:**

LEITMAN, SIEGAL, PAYNE & CAMPBELL, P.C.
2100 A Southbridge Parkway, Suite 450
Birmingham, AL 35209
Telephone: (205) 803-0051
Facsimile: (205) 803-0053

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing via the CM/ECF system on this the 3rd day of May, 2010, which will automatically deliver a copy to all parties and/or their counsel of record, as follows:

*Counsel for Dixie Pellets, LLC*
Jay R. Bender
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203-2120

*Counsel for Harbert Defendants & Individual Defendants*
E. Glenn Waldrop, Jr.
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200

/s/ Gregory A. Brockwell
Of Counsel

14