IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DIXIE PELLETS, LLC | ) | Case No. 09-05411 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| Dr. Charles Bates, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Adversary Proceeding No.: 10-00014 |
| | ) | |
| Harbert Management, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following: Plaintiffs', Dr. Charles Bates, et al. (hereinafter, the "Plaintiffs"), Motion To Dismiss (Adversary Proceeding (hereinafter, cited as "A.P.") No. 13)[1](hereinafter, cited as "Pls. Mot. Dismiss"); Dixie Pellets, LLC's (hereinafter, "Dixie Pellets") Motion To Dismiss or in the Alternative, Motion for Realignment and Substitution as Named Plaintiff and Party in Interest (A.P. No. 28)(hereinafter, cited as "DP Mot. Dismiss"); Dixie Pellets' Renewed Motion to Dismiss or Alternatively, Motion to Intervene and be Substituted as Named Plaintiff and Party in Interest (A.P. No. 39)(hereinafter, cited as "DP Renewed Mot. Dismiss"); and Defendants', Harbert Management, LLC, Harbert Power, LLC, Harbert DP LLC, Harbert Power Fund III, LLC, Wayne B. Nelson, III, Patrick Molony, and Russell Martin (hereinafter, "Defendants"), Motion To Dismiss (A.P. No. 37)(hereinafter, cited

---

[1]References to pleadings in the main bankruptcy case - Case No. 09-05411-TOM11 - are referred to as "Proceeding No.," while references to pleadings in the adversary proceeding are referred as "A.P. No."

as "Def. Mot. Dismiss"). Appearing at the May 13, 2010, hearing were: Gregory A. Brockwell, attorney for Plaintiffs; Jay R. Bender, Jennifer Harris Henderson, Molly C. Taylor and John Watson, attorneys for Dixie Pellets; E. Glenn Waldrop, Jr., attorney for Defendants; and Derek Meek, Howard Walthall and Marc Solomon, attorneys for the Unsecured Creditors Committee. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and the district court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[2] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A).[3] This Court has considered the pleadings, arguments of counsel, and the law and finds and concludes as follows.[4]

## I. FINDINGS OF FACT[5]

**A.    Procedural Background**

1.    This adversary proceeding arises from a Complaint filed on May 13, 2009 by the

---

[2]The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3]28 U.S.C. §157(b)(2)(A) provides:

(b)(2)Core proceedings include, but are not limited to–
(A) matters concerning the administration of the estate[.]

[4]This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[5]Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

Case 10-00014-TOM    Doc 43    Filed 06/09/10    Entered 06/09/10 13:19:11    Desc Main
Document      Page 2 of 15

Plaintiffs against the Defendants and Dixie Pellets in the Circuit Court of Dallas County, Alabama, CV-2009-900077. (DP Mot. Dismiss, 3; DP Renewed Mot. Dismiss, 3)

2. On September 13, 2009, Dixie Pellets filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (The "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama and the state court lawsuit was stayed. (Proceeding No. 1; DP Mot. Dismiss, 2; DP Renewed Mot. Dismiss, 2-3)

3. On December 11, 2009, Dixie Pellets, pursuant to 28 U.S.C. § 1452(a), removed the state court action (hereinafter, the "Removed Proceeding") to the United States Bankruptcy Court for the Southern District of Alabama. (DP Mot. Dismiss, 4; DP Renewed Mot. Dismiss, 4)

4. On February 11, 2010, venue of the Removed Proceeding was transferred by the United States Bankruptcy Court for the Southern Division of Alabama to this Court pursuant to an agreement of the parties. (A.P. No. 1; DP Mot. Dismiss, 4; DP Renewed Mot. Dismiss)

5. On May 3, 2010, Plaintiffs filed their First Amended Complaint with this Court. (A.P. No. 36)(hereinafter, "FAC")

**B.     The Plaintiffs' Allegations**

**1.     Plaintiffs' First Amended Complaint**

The Plaintiffs' First Amended Complaint alleges that Plaintiffs have individual and direct, not derivative, claims against Defendants for fraud, misrepresentation, concealment, suppression, oppression, dilution, squeeze-out of minority members by majority member, conspiracy and a violation of Ala. Code § 10-12-16. (FAC, 1-14) In support of these claims, Plaintiffs assert that the Defendants made numerous material misrepresentations to, and

3

Case 10-00014-TOM    Doc 43    Filed 06/09/10    Entered 06/09/10 13:19:11    Desc Main
Document      Page 3 of 15

concealed material information from, the Plaintiffs on or about May 14, 2007 in an ultimately successful attempt to persuade the Plaintiffs to allow Defendants to become the controlling member of Dixie Pellets. (*Id.*, 5-7) Specifically, Plaintiffs allege that Defendants represented that they would: invest $10,000,000.00 of capital, receive "shares for the capital contribution of $10,000,000.00 at $1.00 per share," and work with Sterne Agee Group, Inc. (hereinafter, "Sterne Agee") on the pending bond issuance.[6] (*Id.*, 5-6) Plaintiffs further allege that Defendants were negotiating with another financial advisor and that Defendants' plan was to terminate the deal with Sterne Agee. ( *Id.*, 7) Plaintiffs also assert that the Defendants infused additional capital - subordinated convertible debt - at an interest rate of 20 percent and planned to pay off the low-rate "outside" loan within seven years while maintaining the "insider" loan, which was at the higher interest rate. The alleged result of these actions was a benefit to the Defendants' position to the detriment of the Plaintiffs' position. (*Id.*, 8) Plaintiffs seek compensatory and punitive damages, fees, costs, interest, expenses, and any other relief which this Court determines the Plaintiffs are entitled for the alleged wrongful conduct. (*Id.*, 11-14)

    2.    **Plaintiffs' Motion to Dismiss Dixie Pellets, LLC**

In their Motion to Dismiss, Plaintiffs request that Dixie Pellets be dismissed with prejudice from the Removed Proceeding.[7] (Pls. Mot. Dismiss, 1)

---

[6]Prior to its discussions with the Defendants, Dixie Pellets, through the efforts of New Gas Concepts, Inc. (majority member of Dixie Pellets immediately preceding the Harbert Defendants' occupation of this position), had entered into a financial advisory services contract with Sterne Agee, the purpose of which was to raise equity capital for Dixie Pellets. *See* FAC, 4.

[7]Plaintiffs' Motion to Dismiss does not disclose the reasons or a basis why Plaintiffs seek the dismissal of Dixie Pellets from the Removed Proceeding; however, the Court assumes that there are two reasons for the Motion: 1) to eliminate the Debtor from the proceedings and 2) to strengthen the Plaintiffs' position that they only assert direct and not derivative claims.

4

C.  **Dixie Pellets' Renewed Motion to Dismiss or Alternatively, Motion to Intervene and be Substituted as Named Plaintiff and Party in Interest**

In response to Plaintiffs' First Amended Complaint, Dixie Pellets asserts that Plaintiffs' claims amount to nothing more than alleged mismanagement and that Plaintiffs' harm, if any, is and was experienced by all members and are thus derivative in nature. (DP Mot. Dismiss, 5-8; DP Renewed Mot. Dismiss, 5-6) Thus, if any claims exist, they belong to Dixie Pellets and not to the Plaintiffs. (DP Mot. Dismiss, 5-8; DP Renewed Mot. Dismiss 5-6) Dixie Pellets also seeks a dismissal based on the Plaintiffs' failure to comply with the demand requirement for derivative actions contained in Rule 23.1 of the Federal Rules of Civil Procedure. (DP Mot. Dismiss, 8-9; DP Renewed Mot. Dismiss, 6) Dixie Pellets argues that Plaintiffs' lack standing to bring these claims based on their noncompliance with Rule 23.1. (*Id.*) In the alternative, Dixie Pellets avers that it is the real party in interest to the claims in the Removed Proceeding and therefore has a legal right to 1) be realigned as a plaintiff in the Removed Proceeding and (2) assume control of the prosecution of the Removed Proceeding. (DP Mot. Dismiss, 10-11; DP Renewed Mot. Dismiss, 7-9)

D.  **Defendants' Motion to Dismiss**

In response to Plaintiffs' First Amended Complaint, Defendants argue that Count One (Fraud, Misrepresentation, Concealment, and Suppression) is due to be dismissed because Plaintiffs' allegations fail to rise to the level of particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. (Def. Mot. Dismiss, 2-5) Though not expressly alleged by Plaintiffs, Defendants also assert that any allegation of promissory fraud should similarly be dismissed. (*Id.*, 4-5)

As to Count Two (Oppression, Dilution & Squeeze-Out of Minority Members by Majority Member), Defendants seek dismissal because it "merely reasserts the vague and insufficient fraud allegations listed in the preceding paragraphs." (*Id.*, 5-6). It is the Defendants' position that to the extent Plaintiffs have asserted claims of oppression, dilution and squeeze-out, these claims are due to be dismissed because Plaintiffs have failed to plead any facts which specifically evidence that Harbert DP, LLC, the only Defendant listed under Count Two, engaged in such conduct. (*Id.*, 6-7) Finally, Defendants note that as to the remaining Defendants, Count Two is due to be dismissed since it refers solely to Harbert DP, LLC (*Id.*);

Similarly, Defendants move for dismissal of Count Three (Conspiracy) because it relies upon the "impermissibly vague allegations of fraud contained in Count One." (*Id.*, 7) Finally, as to Count Four (Violation of Ala. Code § 10-12-16, Defendants' failure to provide Plaintiffs access to corporate records), Defendants argue it is due to be dismissed because Defendants timely responded to Plaintiffs' initial discovery request served pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure. (*Id.*, 7-8) With respect to Plaintiffs' subsequent discovery requests, Defendants argue that they were prohibited by court order and operation of law from responding to these requests. (*Id.*, 8-9) Furthermore, Defendants note that Plaintiffs ultimately received the documents requested from Dixie Pellets' bankruptcy counsel. (*Id.*, 7-9)

## II. CONCLUSIONS OF LAW

A. **Standard for Rule 12(b)(6) Motion to Dismiss And Rule 9(b) Motion to Dismiss**

    1.    **12(b)(6) Motion To Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the complaint against the legal standard set forth in Rule 8: 'a short and plain statement of the claim showing

6

that the pleader is entitled to relief.'" *Citigroup Global Mkts. Realty Group v. City of Montgomery*, No. 2:09-CV-784, 2009 WL 4021803, at *1 (M.D. Ala. Nov. 19, 2009)(quoting Fed.R.Civ.P. 8(a)(2)). When ruling on a motion to dismiss, courts "'must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.'" *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005)(quoting *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-36 (11th Cir. 1998); *see also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007)("We have held many times when discussing a Rule 12(b)(6) motion to dismiss, that the 'pleadings are construed broadly,' and that the allegations in the complaint are viewed in the light most favorable to the plaintiff")(citing *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). However, in order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashford v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In the event the complaint proffers "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim, there is a "plausible" ground for recovery and thus a Rule 12(b)(6) motion to dismiss should be denied. *Twombly*, 550 U.S. at 556.

2.      **9(b) Motion To Dismiss**

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ.

7

P. 9(b). The purpose of the particularity requirement of Rule 9(b) is to alert defendants "to the precise misconduct with which they are charged and protecting spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). However, "a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of [R]ule 9(b) with the broader policy of notice pleading." *Id.* In *Ziemba*, the Eleventh Circuit stated that "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba*, 256 F.3d at 1202.

**B.     Dixie Pellets' Motion To Dismiss**

Under Alabama law, "[i]t is well settled that when individual damages sought to be recovered by a plaintiff are incidental to his or her status as a stockholder in a corporation, the claim is a derivative one and must be brought on behalf of the corporation." *McLaughlin v. Pannell Kerr Forster*, 589 So. 2d 143 (Ala. 1991). Therefore, "a minority shareholder cannot parlay a wrong committed primarily against the corporation, which gives rise to a derivative claim only, into a personal recovery of damages under a squeeze-out theory by simply stating that the injury to the corporation is also 'unfair' to him as well." *Stallworth v. AmSouth Bank of Alabama*, 709 So. 2d 458, 467 (Ala. 1997). "It is only when a stockholder alleges that certain wrongs have been committed by the corporation as a direct fraud upon him, and such wrongs do not affect other stockholders, that one can maintain a direct action in his individual name." *Green v. Bradley Constr. Inc.*, 431 So. 2d 1226, 1229 (Ala. 1983).

8

Alabama courts "recognize oppression and squeeze-out as a distinctly individual and direct cause of action." *Davis v. Dorsey*, 495 F.Supp.2d 1162, 1168 (M.D. Ala. 2007); *see, e.g., Brooks v. Hill*, 717 So. 2d 759 (Ala. 1998); *Stallworth*, *supra.*; *Michaud v. Morris*, 603 So. 2d 886 (Ala. 1992); *Ex parte Brown*, 562 So. 2d 485 (Ala. 1990); *Galbreath v. Scott*, 433 So. 2d 454 (Ala. 1983); *Burt Boiler Works, Inc.*, 360 So. 2d 327 (Ala. 1978). In *Davis*, Judge Thompson discussed the fundamental reasons for the creation of this cause of action, noting that:

> unlike a minority interest in a partnership, a minority shareholder cannot easily exit from a disagreeable corporate relationship by dissolving the corporation. And unlike a disgruntled holder of stock in a publicly traded corporation, a minority shareholder in a close corporation frequently cannot find an investor to purchase his stock, other than the controlling shareholder. Thus, the oppressive and unfair "squeeze-out": the majority shareholder uses its right of control "to put the minority shareholder into a situation where he had only two, equally unappealing, options: '(1) hold his stock in perpetuity while receiving no earnings thereon, or (2) sell out at an unreasonably low price to the majority shareholder'"

*Davis*, 495 F.Supp.2d at 1168 (quoting *Brooks*, 717 So. 2d at 766 (quoting Andrew P. Campbell, *Litigating Minority Shareholder Rights and the New Tort of Oppression*, 53 Ala. Law. 108 (1992))). The creation of the oppression/squeeze-out cause of action is a response to this "specific kind of unfairness, whereby the majority of the shareholders in a close corporation is able to use its right of control to exert pressure upon, i.e., to 'squeeze,' the minority by reducing or eliminating its income, coupled with the minority's practical inability to withdraw." *Brooks* at 766 (quoting Andrew P. Campbell, *Litigating Minority Shareholder Rights and the New Tort of Oppression*, 53 Ala. Law. 108 (1992)).

Plaintiffs allege oppression/squeeze-out under Count Two of their First Amended Complaint. In support of this claim, Plaintiffs allege that Defendant Harbert DP, LLC used its

9

Case 10-00014-TOM    Doc 43    Filed 06/09/10    Entered 06/09/10 13:19:11    Desc Main
Document      Page 9 of 15

majority position in Dixie Pellets to "increase, at whatever cost, the return to its investors . . . to the detriment [of] Plaintiffs." (FAC, 6) According to Plaintiffs, this course of conduct was evidenced by Defendant Harbert DP, LLC's infusion of additional capital - subordinated convertible debt - into Dixie Pellets with an "excessive interest rate of 20 percent" and terms which were beneficial to Defendants and "extremely unfavorable" to the Plaintiffs. (*Id.*, 8) Assuming these allegations are true, it is possible that Defendant Harbert DP, LLC drained off Dixie Pellets' income through this conduct for the benefit of the Defendants and, consequently, prevented or restricted the availability of dividends for the Plaintiffs. In *Davis*, Judge Thompson noted that a squeeze-out can occur if the majority shareholder(s) refuses to declare dividends for minority shareholders. *Davis* at 1168 (citing *Brooks* at 765). This Court finds Plaintiffs have sufficiently alleged facts upon which relief could be granted and therefore Dixie Pellets' Motion to Dismiss Plaintiffs' First Amended Complaint is due to be denied.

C.  **Plaintiffs' Motion To Dismiss Dixie Pellets, LLC**

Though Plaintiffs' First Amended Complaint alleges facts which could give rise to individual, direct causes of action against the Defendants, those same facts indicate that Dixie Pellets may have suffered damage at the hands of the Defendants. Thus, Dixie Pellets may have viable causes of action against the Defendants. Therefore, Plaintiffs' Motion to Dismiss Dixie Pellets is due to be denied.

D.  **Dixie Pellets' Motion to Intervene and be Substituted as Named Plaintiff and Party in Interest**

Since some of Plaintiffs' claims could ultimately be determined to be derivative claims, Dixie Pellets may ultimately be a real party in interest to some of Plaintiffs' claims. *See Brooks*

10

*v. Hill*, 717 So. 2d 759, 766 (Ala. 1998)(the corporation is "the real party in interest" with respect to a derivative action). Dixie Pellets then has the right to seek realignment as a plaintiff in the Removed Proceeding. *See* Fed. R. Civ. P. 24, as adopted by Fed. R. Bankr. P. 7024; *Bass v. First Alabama Bancshares*, 544 So. 2d 858, 859-60 (Ala. 1989)(corporation, which is real party in interest to derivative claims, may move to intervene and seek realignment as a plaintiff). The Court finds that Dixie Pellets' Motion to Intervene and be Substituted as Named Plaintiff and Party in Interest is due to be granted in part to allow Dixie Pellets to be re-aligned as a plaintiff in the Removed Proceeding and due to be denied to the extent it seeks to substitute Dixie Pellets for all Plaintiffs.

**E.  Defendants' Motion To Dismiss**

    **1. Plaintiffs' Count One**

Defendants contend that Plaintiffs' Count One is due to be dismissed under Rule 9(b) because "the allegations [of fraud] are impermissibly vague" and thus lack the particularity required by Rule 9(b). (Def. Mot. Dismiss, 2) Plaintiffs' First Amended Complaint notifies the Defendants of the precise nature and content of Defendants' alleged misrepresentations, the general time period during which these misrepresentations were made, who made these misrepresentations, though only by reference to the various Defendants, and the consequential losses suffered by Plaintiffs due to Defendants' alleged course of conduct. In light of the notice pleading of Rule 8, Plaintiffs' allegations satisfy the Rule 9(b) pleading requirements as outlined in *Ziemba*, *supra*.

    **2. Plaintiffs' Count Two**

Defendants' contention that Plaintiffs's Count Two is due to be dismissed fails based on

11

this Court's previous determination that Plaintiffs' Count Two states a claim upon which relief can be granted. However, the Court agrees with Defendants' contention that Plaintiffs' Count Two is not viable as to any of the Defendants apart from Harbert DP, LLC due to the fact that Defendant Harbert DP, LLC is the only Defendant specifically named. Further, the bases of this Count, Oppression, Dilution & Squeeze-Out of Minority Members by Majority Member, is clearly directed at the majority member of Dixie Pellets, which the FAC identifies as Harbert DP, LLC. (FAC, 3). Therefore, this Court finds that Count Two was meant to be limited to Harbert DP, LLC, and the Defendants' Motion to Dismiss is due to be denied in part.

### 3. Plaintiffs' Count Three

Defendants' seek dismissal of Plaintiffs' conspiracy to commit fraud claim pursuant to Rule 9(b) because it is "premised upon the impermissibly vague allegations of fraud contained in Count One." (Def. Mot. Dismiss, 7) This Court has previously concluded that Plaintiffs have alleged facts with sufficient particularity to support their fraud claims. Additionally, the Court notes that Plaintiffs have alleged sufficient facts to support a claim of civil conspiracy. In *Snyder v. Faget*, 295 Ala. 197, 326 So. 2d 113, 119 (1976), the Supreme Court of Alabama, quoting Jolowicz & Lews, *Winfield on Torts*, Conspiracy 557, 559, 560 (8th ed. 1967), summarized the elements of civil conspiracy as follows:

> "(a) Purpose. The most important feature of a tortious conspiracy where unlawful means are not used is that the object or purpose of the combination must be able to cause damage to the plaintiff. It is not a matter of 'intention' as that word is normally used in the law, for intention signifies not what a person is aiming at but what may reasonably be expected to flow from what he does, while for conspiracy the test is 'what is in truth the object in the minds of the combiners when they acted as they did.' Malice in the sense of malevolence, spite or ill-will is not an essential for liability; what is

12

Case 10-00014-TOM    Doc 43    Filed 06/09/10    Entered 06/09/10 13:19:11    Desc Main
Document      Page 12 of 15

> required is that the combiners should have acted *in order that* (not *so that*) the plaintiff should suffer damage. If they did not act in order that the plaintiff should suffer damage they are not liable, however selfish their attitude and however inevitable the plaintiff's damage may have been.
>
> "....
>
> "(b) Combination. There must, of course, be concerted action between two or more persons....
>
> "(c) Overt act causing damage....[A]n overt act causing damage is an essential of liability in tort...."

Plaintiffs have alleged facts which indicate that the Defendants, collectively, suppressed material information and made various misrepresentations to the Plaintiffs, the purpose of which was to benefit themselves to the detriment of the Plaintiffs. According to Plaintiffs' claims, there were two or more wrongdoers and there were sufficient acts taken that resulted in damages to Plaintiffs. Thus, Plaintiffs' FAC regarding conspiracy is viable, and the Defendants' Motion to Dismiss is due to be denied as to this Count.

### 4. Plaintiffs' Count Four

As to Plaintiffs' Count Four, Defendants argue it is due to be dismissed because they timely responded to Plaintiffs' initial discovery or information request and were prevented by operation of law or court order from responding to subsequent discovery or information requests. Nevertheless, Plaintiffs have sufficiently set forth facts which if taken as true could state a claim pursuant to § 10-12-16.[8] Therefore, Defendants' Motion to Dismiss is due to be denied as to this

---

[8] Ala. Code § 10-12-16 (1975) provides in part:

(a) Each limited liability company shall keep at the office referred to in subdivision (1) of subdivision (a) of Section 10-12-15 [(a) Each limited liability company shall have and continuously maintain in this state: (1) An office, which may be a place of its business in this

13

Count.

## III.  CONCLUSION

Based on the foregoing,  is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. Dixie Pellets' Motion to Dismiss is **DENIED**;

2. Dixie Pellets' Renewed Motion to Intervene and be Substituted as Named Plaintiff and Party in Interest is due to be **GRANTED** in part to allow Dixie Pellets to be re-aligned as a plaintiff in the Removed Proceeding but **DENIED** in all other respects;

3. Plaintiffs' Renewed Motion to Dismiss is **DENIED**; and

4. Defendants' Motion to Dismiss is **GRANTED** in part to clarify that Count Two is only against Harbert DP, LLC but **DENIED** as to all of the Defendants' remaining arguments.

It is further **ORDERED, ADJUDGED and DECREED** that the adversary proceeding is reset for a status conference on June 21, 2010 at 11:00 a.m.

Dated this the 9th day of June, 2010.

/s/ Tamara O. Mitchell
United States Bankruptcy Judge

TOM: rdt

---

state.] the following records:

(b) Any agent, member, or manager of a limited liability company who, without reasonable cause, refuses to allow any member or the member's agent or attorney to inspect or copy any books or records of the limited liability company for any proper purpose shall be personally liable to the member for a penalty in an amount not to exceed 10 percent of the fair market value of the membership interest of the member, in addition to any other damages or remedy.

14

xc: Andrew P. Campbell and Gregory A. Brockwell, attorneys for the Plaintiffs
John D. Watson, III, Jay R. Bender, Jennifer H. Henderson, and Molly C. Taylor, attorneys for Dixie Pellets, LLC
E. Glenn Waldrop, Jr. and David R. Pruet, III, attorneys for the Defendants